DANIEL L. DYSART, Judge.
| tDavid Bonds appeals his conviction for attempted second degree murder arguing that his conviction by a less than unanimous verdict violated his constitutionally protected rights. For the following reasons, we affirm.
BACKGROUND:
David Bonds was tried before a twelve-person jury for the charge of attempted second degree murder, a violation of La. R.S. 14:(27)30.1. The jury found him guilty as charged, and Bonds was subsequently sentenced to fifty years at hard labor, without the benefit of probation, parole, or suspension of sentence.
DISCUSSION:
In his sole assignment of error, Bonds argues that his constitutional rights were violated because he was convicted by a less than unanimous jury verdict.
Louisiana Code of Criminal Procedure art. 782 A states that cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. In the instant case, ten jurors voted guilty as charged, two jurors voted not guilty.
|2The Louisiana Supreme Court and this Court have rejected the argument that a non-unanimous verdict in a case such as the instant one, provided for by La.Code Crim. Proc. art. 782 A, violates the U.S. Fifth, Sixth or Fourteenth Amendments to the U.S. Constitution. State v. Bertrand, 08-2215, 08-2311 (La.3/17/09), 6 So.3d 738; State v. Boudreaux, 08-1504 (La.App. 4 Cir. 9/29/10), 48 So.3d 1144.
In Bertrand, the trial court found that La.Code Crim. Proc. art. 782 A violated the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, relative to the number of jurors needed to concur to render a verdict in cases in which punishment is necessarily confinement at hard labor. On direct appeal by the State, the Louisiana Supreme Court reversed, stating in its conclusion:
Due to this Court’s prior determinations that Article 782 withstands constitutional scrutiny, and because we are not presumptuous enough to suppose, upon mere speculation, that the United States Supreme Court’s still valid determination that non-unanimous 12 person jury verdicts are constitutional may someday be overturned, we find that the trial court erred in ruling that Article 782 violated the Fifth, Sixth, and Fourteenth Amendments. With respect to that ruling, it should go without saying that a trial judge is not at liberty to ignore the controlling jurisprudence of superior courts.
Bertrand, 08-2215, p. 8, 6 So.3d at 743.
More recently, this Court again reaffirmed that La. Code Crim. Proc. art. 782 A is not unconstitutional. The United States Supreme Court denied the defendant’s writ of certiorari. State v. Barbour, 09-1258 (La.App. 4 Cir. 3/24/10), 35 So.3d 1142, writ denied, 10-0934 (La.11/19/10), 49 So.3d 396, cert. denied, Barbour v. Louisiana, — U.S. -, 131 S.Ct. 1477, 179 L.Ed.2d 302 (2011).
pThus, based on the jurisprudence, we find no merit to this assignment of error.
The conviction and sentence are affirmed.
AFFIRMED